We'll hear the next case on the calendar, In re Maresca. May it please the court? This is Jeremiah Donovan, who represents the appellant, Terry Donovan. This is a case that requires your honor to make a decision and to reach a conclusion concerning an issue that has plagued the bankruptcy court. They're all over the lot on this. The bankruptcy code provides that a debtor has an exemption in real property that a debtor or a dependent of the debtor uses as a residence. And the question here is what the residence. There's a court order here, and it provides that the dependent's primary residence is with the mother. The court order provides that the father has what's called an access schedule. So the child spends two nights one week with the father, and then one night and the next weekend with the father. We say that's not the child's residence. We say the child's residence is the child's homestead, their primary residence. Maresca says, no, the residence is anywhere that a dependent of a debtor lays his head. So some Greenwich hedge fund trader were to set up an apartment in New York for his mistress and spend a night or two a week there. That could be his residence rather than the house back in Greenwich where most of his life is conducted. And the bankruptcy courts are all over the place. I mean, you know, people have claimed that a timeshare in Cancun that they go to two weeks a year is their residence. So they could claim that the boat on which they spend weekends in the summertime is their residence. We adhere to the majority view. It's not my word. The courts call it the majority view. Unfortunately, the district court, the bankruptcy court in this case, didn't choose to be part of the majority. And that is that if you take a look at the legislative history, the court decisions and the purpose of the statute, what the bankruptcy code is talking about in residence is their primary residence. But there is a minority view. It's called the plain meaning view. I guess what I've learned over the years is as soon as people start talking about plain meaning, the one thing that's plain is that the meaning is not plain here. You know, the word residence is not plain at all. It is, as some of the as some courts have said, one of the most fluid and undefined concepts in the law. If you go through United States code, sometimes you can see they use the word primary residence. Sometimes the United States code uses the word residence, meaning primary residence. And so I think in this case, what you really got to do is to take a look at the purpose of the statute and look at the purpose of the statute in particularly in the context of this case. I mean, the purpose of the statute is to help debtors not get thrown out of their houses when they go bankrupt. Now, there may be situations in which a dependent of the debtor doesn't live with the debtor, but maybe lives with an ex. Perhaps the debtor has bought a house and owns a house in which his dependent lives with the ex spouse. And the purpose of the bankruptcy code is to prevent that debtor. I'm sorry, that that dependent from getting thrown out of his house. But that's not the situation here. This situation, this kid has a primary residence with his mother. And the reason he has the primary residence is because Terry Donovan was so good at getting a lot of money for the mother during the course of the divorce proceedings. And from time to time, he spends a night at his father's on a regular basis. But he's not going to get thrown out into the streets. If the court if the court says that, well, we're not going to allow a bankrupt to say that that their residence is any place that their dependent might happen to spend to spend the night. Essentially, you know, sets forth sets forth kind of parents. Actually, the decision of the bankruptcy court in Ray Brown to Donovan. You're over your initial time. The initial two minutes I'm talking about uninterrupted. Judge Bianco will begin the questioning. Thanks. Mr. Donovan will go back to the issue of the plain meaning that we have terms that are well understood to make these distinctions that we're talking about here. Primary residence, principal residence are well established terms. And yet neither of those things were used. And when they're not used, we also understand what it means. It means that if you live somewhere, it's not your primary or principal residence that it counts. So I guess I don't understand why we would read in terms that Congress did not put in that are sort of that are well understood. And the one thing I also wanted to address in conjunction with that is in enacting this particular provision and another provision enacted at the same time, 1322 B2 to actually use the term principal residence. So we have no doubt that Congress understood these distinctions because they enacted another provision at the same time that had that term in it. So why would we read that in here? Well, I'm not exactly sure. If you look at the United States court as a whole, the word residence appears all over the place by itself in context in which it clearly means the main residence of the person. I mean, it's not in the bankruptcy. I'm not talking in particular about the bankruptcy code, but say, say, 18. Why would why would we look so broadly if they, in fact, use principal residence in the same piece of legislation that this provision is contained in? Why? Why wouldn't we? Why wouldn't we assume they know the distinctions between many? Someone has multiple residences and a principal residence. Why wouldn't we assume that when they use that term in another provision, the same statute? If you take a look at it, but if you take a look at the same statute when they use when they use the word principal residence. So one part of the definitional section. OK, and it says a person's principal residence shall be his principal residence, including all the outbuildings and their pertinences there, too. It doesn't say it doesn't say, for example, a person's principal residence shall be the place where he resides most of the time and receives his mail and registers to vote. OK, so it's not really I don't see that the fact that they define principal residence to include outbuildings and things like that as as being any indication that when Congress when Congress wrote residence. They meant something other than principal residence. So, I mean, I mean, if you want to one other question, because you mentioned the purpose of the statute and there's reference in the briefs and some of the other cases that have gone your way about the homestead exception and the legislative history's reference to the homestead exception. But here, as you noted, we're talking about dependence, too. So the whole idea on the Connecticut law, for example, homestead refers to owner-occupied real property. And here when you start when the bankruptcy provision here is trying to deal with a different thing, which is dependence. So it's clearly trying to say something more than we just want to exempt the property that the debtor lives in. So if the purpose of the bankruptcy code is to give someone a clean slate, I don't know that I necessarily agree with you that if there's a dependent who lives somewhere else or that the debtor owns the property that the bankruptcy code wouldn't want to protect those residences as well. It doesn't – it's not inconsistent with the idea that they're trying to give the debtor a clean slate with respect to where he or she lives as well as where her dependents live. Oh, I agree with that. I think that – I absolutely agree. It is to give a clean slate – it is to prevent getting thrown out on the street the debtor in the place where they live or the dependent in the place where they live. And if this kid – if primary custody had been given to the father here and that the kid was living with the father and visiting from time to time on this access schedule, the mother, I would absolutely agree with you on it. The point here is that he's not living with the father. He's living with the mother, and this is just a place that he goes in order to spend the night. Well, suppose he had a – suppose there was a third residence where he spent time too, and so the father's residence wasn't the primary residence. Then under your reading of the statute, the residence where the father is would not be protected, and he would not be able to be with his father anymore. That would – right? If – well, you understand my question? There's supposed to be a third residence where he also spends time at. But the father's residence isn't in danger. The father isn't a bankrupt. The father did not declare bankruptcy. In fact, the father in this case is… No, but if she owns the property, if she owns the property where he stays with the father, but that's not his primary residence. If he doesn't see his primary residence maybe as another spot, then under your reading of the statute, he would be – because she owns that residence, where the father is staying, it would be gone. He wouldn't be able to stay with his father at that residence even though it's not the primary residence of the dependent is my point. But I think that's a much less important factor than the actual place where the child is living. And I think that's what Congress is concerned about is that the child will be thrown out of his house. I mean if this kid owns – if the mother owns a timeshare in Cancun, according to Maresca, and the kid goes down there for vacations, according to Maresca, Congress intended that that timeshare be protected. I mean you're talking about like maybe there's a third place. Okay, so the kid spends some time with his father. He spends some time with both of his grandparents, and it's a very rich family that has bought houses for the grandparents. They can just pick and choose among – even though the kid may spend 95% of his time with his mother, if he spends a weekend or a weekend… My point is that once you get apart from the plain language, there's all different types of scenarios that we don't completely envision I guess is my ultimate point. But in any event, thank you, Judge Tatchman. As Judge Newman, Mr. Donovan, you focus on the word residence. What significance, if any, do you give to the word uses when the statute says uses as a residence? Does that matter? No, I don't give much significance to that. I think that what I give significance to is the court order that says the primary residence. So this kid is using as his residence the mother's house, not the father's house. Let me ask you then one other thing. What would we do if a case had a joint custody order where provided for the dependent child living in the home of a parent on alternate weeks throughout the year? Right, so there's no court order that says the primary residence is the mother. The court order says that the residence would be shared. If that were the case here, Maresca wins. So if it says 50-50, she wins. But if it doesn't say, suppose you just left it to the parties. You put the child where you wish, amicably. Yeah, you wouldn't be pretty rare to find that in a divorce decree. But if we don't have to. I'm wondering if you take us down an odd road. If the factual – the facts of where the child actually sleeps, you say doesn't matter. All that matters is the word primary in your view, which isn't in there. But the actual days of the week or days of the month or days of the year doesn't seem to affect it in your view. Is that right? No, no, no, not at all. Not at all. I mean if we had a situation here where it said that the primary residence should be with the mother and that there's a certain visitation schedule, but it turned out that the mother was a drug addict. This is not the situation with Maresca. This is just hypothetical. So the mother was a drug addict. She never took care of the child, and the child was always with the father. I would think that they just present evidence concerning that, and we would see that the person's primary residence actually was with the father despite what the court order said. Here it's a lot easier because there's a court order and they follow the court order, so we don't have to have evidence concerning how much time the kid spends. So yeah, no, I think that there may be situations, Judge, in which we would have to have a hearing in order to determine where is the kid's primary residence. Well, is the premise of your argument that there can only be one primary residence? There's one homestead, and the court has to determine that. Well, if the child was permitted to be on alternate weeks with each parent, which would be the primary residence? Well, I mean, you'd have to look at a whole bunch of other facts. I mean, this is not a… What else would you look at once you knew that the child was going to be with each parent half the year? Does the – oh, I see what you mean. So it's – you'd have to – a court would have to make a determination. I mean, suppose… Sure, the court would rule, but if you're insisting that we should read the word primary in there and we get a case where neither residence is primary, it seems to me your reading creates a problem which we ought to avoid. No, I don't think so, Judge. I mean, courts are always determining where someone's residence is, and so he dies in Florida and Connecticut tries to tax him. We have hearings on where was their primary residence. It's not a terribly difficult thing for the court to decide. With adults, you take a look at where are their cars… Those statutes typically don't use the word uses as, do they? They say the residence. Those tax statute cases, do they ever say uses as a residence? No, but wouldn't Congress – if Congress meant what you're implying that they meant, it would say uses as a place to stay, not uses as a residence. A residence is – I think – I agree with your honor that residence has a meaning, and we don't have multiple residences that you can choose among. We have a… If you use it as a residence, don't you think a state would do that? No, I think – well, no, I don't think so. I mean, I think what a state – I don't know, what we do here in Connecticut is they look at does the person reside more than half the year in a certain place. If they reside more than half the year in Florida, then they… Yeah, that's what Connecticut elects to do, but if, let's say, a more grasping state – I won't name a state – but were to say we're going to tax you on all your income if you use our state as a residence. It might even say use our state as a residence during any part of the year. So, if I go to Mystic and spend the night at a hotel there, that hotel is my residence, and Connecticut would tax all of my income. See, that's the problem that arises, is that this kid, I'm sure, had lots of residences. I'm sure he went and stayed with his grandparents from time to time. I'm sure they went on vacation to other states from time to time. I'm sure that they – I'm sure he spends – he's a teenager now, so he spends nights over at his friends' houses. It's not just where you spend the night. It's where your primary residence is. So, the problems that your honors are raising for me, that there could be all these different residences and the court would have to determine it, well, I mean, that's true, but that's true, and it's made much more simple by the fact that we just look at where is his primary residence, and here there's a court order that says it, and the parties follow it. I don't know if that answers your question. I might have gotten off on a track. Okay, thank you.  This is Judge Katzmann. I just wanted to – just had a question. So, I understand you – the view that its term residence in 11 U.S.C. Section 522 D.1 should be defined with respect to the state law definition of homestead. Yes, Your Honor. So, under your approach, if the state law defined homestead to include the primary and non-primary residences, the residence in 522 D.1 include primary and non-primary residences as well. I'm sorry, Judge, could you say that one more time? If the state law defined homestead to include both the primary and non-primary residences, would residence in Section 522 D.1 include primary and non-primary residences as well? I guess. I'm not quite sure of the answer to that question. I'm sorry. I would need to think about it a little bit. I don't think I briefed that. I guess to be consistent, it would. Yes, Your Honor. I guess. I mean, the point – can I just think this out loud for a second? I suppose the point of the majority view is that when we try to determine what the term residence means, we have to be guided by state law. And if state law says that residence doesn't mean just the primary residence but means many different residences, if the statute that said a residence could be either the place where the person lives or his boat or a timeshare, then I guess I would agree. Yes, Your Honor. So, and just following up on questions of my colleagues, just so that I'm clear, 522 D.1 exempts debtor interest in real property that the debtor or dependent of the debtor uses as a residence. But the state law, the Connecticut law, defines homestead as owner-occupied real property used as a primary residence. And so does that mean under the state law approach that a debtor cannot claim an exemption in property that the debtor does not occupy even if the debtor's dependent uses the property as a primary residence? In other words – and if so, doesn't that – or dependent of the debtor out of Section 522 D.1? And Judge, I'm sorry to ask you this. Could you repeat that? Because you cut out a little bit on me. I'm sorry. So did you hear the first part where, you know, I say 522 D.1 exempts a debtor's interest, and I'm quoting, in real property that the debtor or dependent of the debtor uses as a residence? Yes, Your Honor. And the Connecticut law defines homestead as owner-occupied real property used as a primary residence. And so my question to you is, in following up on some of the previous questions, under the – so that I'm clear as to your view, does that mean under the state law approach that a debtor cannot claim an exemption in property that the debtor does not occupy even if the debtor's dependent uses the property as a primary residence? No, no. I think if in this case or in any case, the primary residence of the dependent was a property different from the property that the debtor owns or occupies, that that exemption would be available. Thank you. You'll have two minutes in rebuttal. We now go to Mr. Arcao. Yes, good morning. I regrettably wish to bring to the Court's attention an error in my brief at page 9. The very first word on that page should be appellee and not appellants. The Court has my humble apologies for not catching that error before it was submitted. I just wanted to touch on a couple of points about my brother counsel. Initially in his argument, I believe Mr. Donovan said that the residence, the piece of real property that we're discussing, the father's residence, was not the child's residence. But there's actually an order of the Bankruptcy Court that finds that this is a residence of the child. So the Court need not engage in any speculation about whether or not this property is the child's residence. The Bankruptcy Court made such a finding, and I think additional in support of that is this is actually the town where the child goes to school, and I think that's a significant fact. And also I think brother counsel makes a little light of the fact that this is a child of a divorced home where, yes, there may be unequal visitation schedules, but it's probably the case that both parents want the child to feel that their respective homes is a resident. I doubt very much that the father makes his young son feel as if he's only there temporarily. I'm sure that the child has some clothing, toys, what have you, in his father's home. So that's number one. Number two is Mr. Donovan said that he's not going to be thrown out. Well, the brief didn't address any remedial action, but since it was brought up, I'd like to address it. This arises in the context of a motion to avoid liens, and if the lien remains in place, then there's certainly the possibility that Donovan, the appellant, can foreclose on that lien. In that sense, the father and the child would also be thrown out. So that is a possibility. That's the conclusion of my two minutes. In fact, unless there are questions from the court, I would submit, rely on my briefs that have been submitted. Judge Bianco? I don't have any questions, Judge Kessler. Thank you. Judge Newman? Okay. I have a question. You seem to acknowledge that the state law approach is the majority approach among bankruptcy courts, and it's the majority approach. Doesn't that suggest that we should tread carefully if a majority of bankruptcy courts have used the state law approach? Veering away from that, doesn't that raise some questions as to whether we would be too adventurous? Yes. But I will say that I believe that the majority approach is the majority approach of a different set of facts and inapplicable to this case. The majority approach is analyzing a situation where a debtor has two pieces of property, each of which could be eligible to be claimed as the debtor's homestead or residence. The majority opinion says, well, if we want to decide which piece of property the debtor could invoke his or her homestead, we look to the law of the state to tell us which property the debtor is going to be able to apply his or her exemption. As opposed to the minority view, which is the debtor gets to choose. It doesn't matter whether the debtor spends four nights a year at the vacation home in Vail. If they use it as a residence at any time, the minority view is they get to use their homestead exemption for that piece of property. Whereas the majority view says, no, your primary residence is your homestead, the place where under state law, which defines your homestead, that's the one we're going to limit what you can use as your bankruptcy exemption to that property, which is defined by state law as your homestead or primary residence. Donovan argues, as I understand it, that under the approach that you take, that terming residence to include non-primary residences, that as he puts it, the exemption could apply to vacation time shares and Winnebago's. Is that correct? And what are the limits of your definition? Are there limits? Well, I think your honor has touched on the fact that the reason why it's a minority approach. The minority approach, we're talking about policy, is probably not the best. We're talking about a debtor, his or herself, being able to utilize – to be able to choose between properties. So – but this is an analysis of something completely different, and this is an analysis of what the debtor – I'm sorry, the debtor's dependent uses as a resident, as a residence. This isn't an analysis of what the debtor chooses. And under the appellant's analysis, it would leave aside the debtor-dependent analysis altogether. It would just be a choice between two properties that the debtor uses. To answer your question, that's about what are the limits. Well, that's – I believe that's a factual question, one that's to be resolved by either the courts or the legislature to say – to define the word residence. Residence is not a defined term under the Bankruptcy Code. In this case, the court engaged in a hearing to determine whether or not something is – whether or not the property at issue is a residence. And I believe that the court never heard evidence on that fact because it was agreed. There was a stipulation where the parties agreed that this was a residence of the child and that the – where the parties diverged was whether it was the primary residence. Thank you. If there are no further questions, let's go to Mr. Donovan, two minutes for rebuttal. Three quick points. With respect to the bankruptcy's court finding that the father's house was the residence of the child, that's what the case is all about. This isn't a case in which we have any dispute concerning the facts. You're deciding a pure question of law, as the bankruptcy court did, is given these facts, is it a residence of the child within the meaning of the exemption? Second point is the fact the kid goes to school in the same town where the father is, not the town where the mother is. We don't think that's significant. That was the school he was going to before the divorce. They kept him there. I think the parents' houses are pretty much equidistant from the school. I mean, if they're not equidistant, it's just a question of a mile or so. I mean, the debtor lives in the next town over. And the school doesn't make any factual findings concerning where the primary residence of the child is. If a parent lives in the town, the kid can go to that school. And then finally, I mean, it's not really a situation where there's unequal visitation schedules. The primary residence is with the mother, and there are certain consequences of that. It's not as if the court said you're going to spend 30 hours a week with the mother and 80 hours with the father. They said the primary residence is with the mother, and the father has this access. And I think the good question is what's the limitation on it? And if you don't accept my view, there is no limitation on this plain meaning view of the exemption. So I think you all have got this case pretty much in hand, and I've got nothing more that I can add. Thank you. Thank you both for your arguments. The court will reserve decision. There are three cases on submission, Sullivan v. Maha, Garcia v. Barr, and Gibbs v. Gorelsky. And with that, the clerk will adjourn court. Court is adjourned.